UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TEXAS LIFE INSURANCE COMPANY                CIVIL ACTION

VERSUS                                      NO: 09-3179

DENNIS MICHEL, LINDSEY                      SECTION: R(1)
ROUSSEL AND STEVIE HARRIS


**ORDER**

Before the Court is Plaintiff Texas Life Insurance Company's unopposed Motion for Preliminary Order of Injunction. (R. Doc. 1.) The Court GRANTS the Motion for the following reasons.

**I. Background**

On 15 June 1985, Texas Life Insurance Company ("Texas Life") issued Policy number UL0705969 ("policy") to Suzanne C. Strahan (the "insured"). The policy designated her then-husband, James N. Strahan, as the beneficiary. On 20 December 1999, Texas Life received a request to name Lindsey Suzanne Roussel and Stevie Mariana Harris as the beneficiaries. Five years later, Texas Life received another request, this time to change the insured's

name to Suzanne C. Michel and to change the beneficiary to her new husband, Dennis M. Michel.

The Insured died on 13 February 2009, leaving a $50,000.00 dollar death benefit. Following the Insured's death, Texas Life received several conflicting claims to the benefit. Dennis Michel filed a claim to the benefit as the named beneficiary. "Texas Life also received correspondence from Tammy Alphonse, the daughter of the insured, and mother of Lindsey Roussel, which stated that 'I have reason to believe the beneficiary has been fraudulently changed due to my mother's illness. She has been diagnosed with Alzheimer's and has suffered with it for years. I have attached the beneficiary form dated December 1, 1999, which I believe to be the last cognitive one she signed.'"

Texas Life filed this interpleader action on 30 March 2009 and paid the $50,000 death benefit into the registry of the United States District Court for the Eastern District of Louisiana. Texas Life now moves for a preliminary injunction to enjoin the claimants from initiating any suit against Texas Life in state or federal court that would affect the death benefit.

## II. Discussion

Under 28 U.S.C. § 1335, "district courts shall have original jurisdiction of any civil action of interpleader . . .

filed by any person, firm, or corporation, association, or society having . . . issued a . . . policy of insurance . . . of value or amount of $500 or more . . . if (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such . . . policy . . . and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument . . . into the registry of the court . . . ." 28 U.S.C. § 1335(a) (2005).

Here, Texas Life has met the statutory requirements of 28 U.S.C. § 1335. Texas Life deposited the required amount in controversy into the Court's registry, and the claimants satisfy the diversity requirements of 28 U.S.C. § 1335. Section 1335, unlike 28 U.S.C. § 1332, requires only minimal diversity, *i.e.* "diversity of citizenship between two or more claimants, without regard to the circumstances that other rival claimants may be co-citizens." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). Claimants Dennis Michel and Lindey Roussel are citizens of Louisiana, and claimant Stevie Harris is a citizen of Texas. (Compl. ¶¶ 1-4.) Since the case involves both a Texas and a Louisiana claimant, the Court has jurisdiction under § 1335. That two claimants are from the same state does not defeat jurisdiction as long as one claimant is diverse. *See Haynes v.*

*Felder*, 239 F.2d 868 (5th Cir. 1957)(minimal diversity existed over five Texas claimants and one Tennessee claimant).

Courts also require a single, identifiable fund to bring an action under the interpleader statute. *Wausau Ins. Co. v. Gifford*, 954 F.2d 1098, 1100 (5th Cir. 1992) (*citing State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)). The insured's $50,000 death benefit satisfies this threshold requirement. *See e.g.*, *Life Ins. Co. of N. Am. v. Jenkins-Dyer*, No. 08-2129, 2009 WL 297481, at *3 (D. Kan. Feb. 6, 2009).

Texas Life seeks to enjoin claimants from filing any state or federal court proceeding against it that would affect the death benefit. Under 28 U.S.C. § 2361, "a district court may . . . enter [an] order restraining [claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court . . . ." 28 U.S.C. § 2361. The district court then has the option to "discharge the plaintiff from further liability [or] make the injunction permanent . . . ." *Id.*

Injunctive relief is proper when, as here, an insurance company faces several mutually exclusive claims to the proceeds of a single insurance policy, and the interpleader action confines litigation to a single proceeding. *State Farm*, 386 U.S.

4

at 533 fn. 14, 534 ("The insurance problem envisioned [by the drafters of the interpleader statute] was that of an insurer faced with conflicting but mutually exclusive claims to a policy . . . ."; "[Injunction is proper] where a stakeholder, faced with rival claims to the fund itself, acknowledges-or-denies-his liability to one or the other claimants."). *See e.g.*, *Life Ins. Co. of N. Am.*, 2009 WL 297481 at *3 (insurance company entitled to injunction in face of adverse claimants to policy proceeds). The Court therefore GRANTS Texas Life's Motion.

### III. Conclusion

For the reasons stated, the Court GRANTS Texas Life's Motion for Preliminary Injunction. Claimants are hereby enjoined from "instituting or prosecuting any proceeding in any State or United States court affecting" the death benefit at issue. 28 U.S.C. § 2361.

New Orleans, Louisiana, this 2nd day of June 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE